IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:20-CR-59-9

JAMIE LOGAN

**ORDER**

On October 8, 2020, Jamie Logan and thirteen other individuals were named in a multicount indictment alleging conspiracies to distribute controlled substances and other related crimes. Doc. #1. Logan is named only in Count Two, which charges him and eight others with conspiracy to distribute methamphetamine and cocaine.[1] *Id.* at 4–7. A superseding indictment filed on May 7, 2021, charges Logan with the same crimes in its Count Two.[2] Doc. #192.

Subsequently, Logan filed a motion to preclude admission of "any out-of-court statement by any Defendant that inculpates any other Defendant in this case (including any that inculpates [him])."[3] Doc. #419. Logan argues that "[a]ny admission of such a statement would violate the Confrontation Clause of the Sixth Amendment to the United States Constitution" under *Bruton v. United States*, 391 U.S. 123 (1968). *Id.* at PageID 1428–29. The government responds that it understands Logan's Sixth Amendment right to confront the witnesses against him and it "will

---

[1] The indictment in Count One charges six individuals, excluding Logan, with conspiracy to distribute marijuana, Doc. #1 at 1–3; in Count Three charges Marcquell Patterson with interstate travel in aid of a racketeering enterprise, *id.* at 7–8; and in Count Four charges Terrance Chandler with money laundering, *id.* at 8.

[2] The superseding indictment replaced all mentions of a codefendant's alias, added an additional individual to the charges in Counts One and Three, and added Count Five charging Chandler with possession with intent to distribute methamphetamine. Doc. #192.

[3] To the extent Logan purports to seek any relief on behalf of his codefendants by seeking to preclude any statement "that inculpates any other Defendant," without more, he lacks standing to do so. *See United States v. Ramirez*, 50 F. App'x 257, 258 (6th Cir. 2002) (defendant "lack[ed] standing to assert the Sixth Amendment rights of his co-defendants") (citing *United States v. Sims*, 845 F.2d 1564 (11th Cir. 1988)).

abide by the same." Doc. #436. Logan replies that "[t]he Government's response is essentially just a promise and nothing more." Doc. #453 at PageID 1551.

In *Bruton*, the United States Supreme Court reversed a defendant's conviction because "there was a substantial risk that the jury, despite instructions to the contrary, looked to the incriminating extrajudicial statements[—specifically, a codefendant's confession that he committed the crime with the defendant—]in determining [the defendant's] guilt." *United States v. Gibson*, 875 F.3d 179, 194 (5th Cir. 2017) (cleaned up) (citing *Bruton*, 391 U.S. at 126). The Supreme Court since has clarified that *Bruton* "did not preclude a trial court from admitting a confession that (1) had been redacted, (2) was not incriminating on its face, and (3) became incriminating only when linked with evidence introduced later at trial." *Id.* (citing *Richardson v. Marsh*, 481 U.S. 200, 207–08 (1987)). Thus, there are circumstances where a codefendant's statement of the type raised by Logan may be admissible. *See id.* at 195 (codefendant's confession admissible where "[t]he jury would still need to make several inferential leaps" to conclude defendant was responsible for the conduct alleged). And it goes without saying that should any codefendant in question choose to testify at trial and Logan has an opportunity to cross-examine him or her, there is no Confrontation Clause issue. *See United States v. Smith*, 822 F.3d 755, 761 (5th Cir. 2016) (admission of co-conspirator's confession did not violate Confrontation Clause where co-conspirator testified at trial).

Because the Confrontation Clause does not require the exclusion of all out-of-court statements by a codefendant and because at this stage it is unclear what statements, if any, the government will seek to introduce or whether any of Logan's codefendants will or will not testify at trial, the Court declines to issue an order broadly precluding all codefendants' inculpatory statements. Accordingly, Logan's motion to preclude [419] is **DENIED**.

**SO ORDERED**, this 15th day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**