IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.  NO. 1:20-CR-59-9

JAMIE LOGAN

### ORDER

This multidefendant criminal case is before the Court on Jamie Logan's motions to sever certain defendants and/or counts for purposes of trial. Because the initial joinder of such defendants and counts was proper and because Logan has otherwise failed to show severance is warranted, the motions will be denied.

### I
### Relevant Procedural History

On October 8, 2020, Jamie Logan and thirteen other individuals were named in a multicount indictment alleging conspiracies to distribute controlled substances and other related crimes. Doc. #1. Logan is named only in Count Two, which charges him, Bobby Earl Brownlee, Antony Hunter, Robert Quinn, Steven Posley, Bernard Smith, Cordarius Westmoreland, Derrick Pratt, and Steven Calvert with conspiracy to distribute methamphetamine and cocaine. *Id.* at 4. Count One charges Brownlee, Terrance Chandler, Curtis Washington, Marcquell Patterson, Kindra Green, and Travis Webb with conspiracy to distribute marijuana. *Id*. at 1–3. Count Three charges only Patterson with interstate travel in aid of a racketeering enterprise; and Count Four charges only Chandler with money laundering. *Id.* at 7–8.

A superseding indictment filed on May 7, 2021, charges Logan with the same crimes in its Count Two. Doc. #192. Other than replacing all mentions of "Bernard Smith" with "Nico Terrell Smith," adding Veronica Curtis to the charges in Counts One and Three, and adding Count Five

charging Chandler with possession with intent to distribute methamphetamine, the superseding indictment is identical to the original indictment in charging all other defendants with the same crimes.[1] *Id.*

On December 6, 2021, Logan filed two separate motions "to sever parties and counts" for purposes of trial.[2] Docs. #414, #415. The first motion "requests severance from … Chandler" or, alternatively, "severance of [Count Four] the money laundering count." Doc. #414 at 1. The second motion requests severance from the defendants named in Count One except for Curtis or, alternatively, severance of Count One. Doc. #415 at 1–2. The government filed a consolidated response to both motions on December 16, 2021. Doc. #443. Logan filed a reply five days later. Doc. #458.

## II
## Analysis

Generally, a motion to sever requires a court to undertake two distinct inquires: (1) whether initial joinder was proper under Rule 8 of the Federal Rules of Criminal Procedure and (2) if initial joinder was proper, whether severance should be granted under Rule 14(a). *See United States v. McRae*, 702 F.3d 806, 820–22 (5th Cir. 2012).

### A. Rule 8

In seeking to sever Chandler or, alternatively, to sever Count Four which names only Chandler, Logan asserts that "[i]t … appears that the allegations set forth in Count four … are not related to the other allegations in the sense required by Rule 8, and thus joinder of the money

---

[1] To date, seven of the fifteen defendants (Pratt, Green, Westmoreland, Washington, Patterson, Curtis, and Hunter), have pled guilty to at least one count of the indictment or the superseding indictment.

[2] Logan's motions were filed after the filing of the superseding indictment but do not specify if they implicate the original indictment, the superseding indictment, or both. Since his reply mentions the original and superseding indictments and given that the parties (except for Curtis) and counts at issue in the motions are the same, the Court presumes the motions pertain to both.

laundering count to the other counts might well be improper without some showing by the Government." Doc. #414 at 3. In seeking to sever the Count One defendants or, alternatively, Count One, Logan argues that "joinder of the Conspiracy to Distribute Marijuana count to the other counts might well be improper."[3] Doc. #415 at 4. The government responds that "[t]he conspiracies and money laundering charges have an alleged common objection, to sell illegal narcotics. The counts overlap in time and the charges are interrelated by facts." Doc. #443 at 2.

"Where, as here, cases involve both multiple defendants and multiple counts, [Federal Rule of Criminal Procedure] 8(b) is the singular relevant test for joinder; 8(a) has no application." *United States v. Williams*, No. 20-55, 2021 WL 1063068, at *4 (E.D. La. Mar. 19, 2021) (citing *United States v. Kaufman*, 858 F.2d 994, 1003 (5th Cir. 1988)). Rule 8(b) provides:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

"Rule 8(b) does not require, however, that each defendant have participated in the same act or acts. All that is required is a series of acts unified by some substantial identity of facts or participants." *United States v. Krenning*, 93 F.3d 1257, 1266 (5th Cir. 1996) (internal citations omitted).

> Whether the counts of an indictment fulfill the same series requirement is determined by examining the relatedness of the facts underlying each offense. When the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper. When there is no substantial identity of facts or participants between the two offenses, there is no series of facts under Rule 8(b).

*McRae*, 702 F.3d at 820 (cleaned up). "For the purposes of Rule 8, whether joinder is proper

---

[3] Logan's motions also present arguments regarding potential prejudice he would face from a joint trial with his codefendants. *See* Docs. #414, #415. However, Logan cites no authority to support the proposition that prejudice should be considered in determining whether joinder was proper under Rule 8. As such, the Court considers his prejudice arguments only with respect to whether severance is warranted under Rule 14.

normally depends on the allegations in the indictment, which are taken as true," and courts "construe the terms of Rule 8 broadly in favor of joinder." *United States v. Jonas*, 824 F. App'x 224, 230 (5th Cir. 2020).

Here, Count One alleges that from January 2019 until August 2020, Chandler, Washington, Patterson, Green, Webb, Curtis,[4] and Brownlee conspired "to establish a marijuana distribution network, which would obtain and subsequently distribute marijuana in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible," and "counted, stored, transported and transferred currency derived from the sale of controlled substances … in order to purchase more illegal drugs." Doc. #192 at 1–3. Count Two alleges that from January 2019 until August 2020, Brownlee, Hunter, Quinn, Logan, Posley, Smith, Westmoreland, Pratt, and Calvert conspired "to establish a methamphetamine and cocaine distribution network, which would obtain and subsequently distribute methamphetamine and cocaine in the Northern District of Mississippi, and elsewhere, in an effort to obtain as much money as possible," and used the money "to purchase more illegal drugs." *Id.* at 4, 6–7. Count Four alleges that on November 19, 2019, during the time period of both alleged conspiracies, Chandler transferred "approximately $11,750.00, which involved the proceeds of a specified unlawful activity; that is, conspiracy to distribute marijuana." *Id.* at 8.

Given the allegations that Brownlee was involved in both conspiracies, that both conspiracies occurred during the same time period, that both conspiracies occurred in the Northern District of Mississippi, that money involved in the marijuana conspiracy was laundered by Chandler, and that money from both conspiracies was used for the purchase of more illegal

---

[4] As noted above, the only difference between the original indictment's Count One and the superseding indictment's Count One is the addition of Curtis. *Compare* Doc. #1 *with* Doc. #192.

substances—such that the proceeds from one could fuel the other—the Court concludes there are sufficient underlying facts to make joinder of the two conspiracy counts proper. *See United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003) (rejecting defendant's argument that he and his codefendant "were actually accused of two separate and distinct conspiracies" such that joinder was improper because the two conspiracies shared a common participant and a common plan of generating income for that participant); *United States v. Evans*, 753 F. App'x 295, 297 (5th Cir. 2018) ("Although [defendants] acted independently of each other and at different times, they were part of a common conspiracy to profit from defrauding the [Department of Labor] by providing [a third defendant] with false medical documentation for billing purposes."); *United States v. Toro*, 840 F.2d 1221, 1238 (5th Cir. 1988) (joinder of two conspiracy charges was proper because "the record present[ed] two conspiracies substantially interrelated by their facts and participants, rather than two separate and distinct conspiracies"). And because the government will ultimately have to prove the facts related to Count One against Chandler to support the allegations of Count Four against him, joinder of that count is also proper. *See McRae*, 702 F.3d at 820 ("When the facts underlying each offense are so closely connected that proof of such facts is necessary to establish each offense, joinder of defendants and offenses is proper."); *United States v. Erwin*, 793 F.2d 656, 665 (5th Cir. 1986) (joinder of perjury charges against defendant not named in conspiracy charge was not improper where the "perjury charges stem[med] from an investigation into profits from that conspiracy").

### B. Rule 14(a)

Having found the initial joinder proper under Rule 8, the Court now must consider whether severance under Rule 14(a) is warranted.

Rule 14(a) provides that "[i]f the joinder of offenses or defendants in an indictment, an

information, or a consolidation for trial appears to prejudice a defendant or the government, the court may order separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." Notwithstanding this rule, "[t]o promote judicial economy and the interests of justice, the federal system prefers joint trials of defendants who are properly charged in joint indictments, particularly in conspiracy cases." *United States v. Daniel*, 933 F.3d 370, 380 (5th Cir. 2019) (citations omitted). Indeed, in conspiracy cases, "while the district court must guard against undue prejudice, it need not protect conspirators from evidence of their confederates' acts in furtherance of their common illegal aim." *United States v. Posada-Rios*, 158 F.3d 832, 863 (5th Cir. 1998) (alterations omitted).

Logan argues severance is warranted because he "would be prejudiced by trial with … Chandler, because of the 'spill-over' effect from evidence to be admitted against … Chandler;" "trial of this case also is likely to involve statements made by each of the codefendants;" and "evidence relating to money laundering is always inflammatory to juries." Doc. #414 at 2–3 (emphasis omitted). Logan presents the same arguments with respect to the Count One defendants. Doc. #415 at 3. The government responds that while "there are some defendants who are not charged in all counts of the indictment," Logan has failed to meet "his burden of showing that the possible prejudice outweighs the advantages of a joint trial" because "the evidence … can be sorted and viewed as it relates to each defendant separately" and Logan "has failed to set forth argument as to why any prejudice … could not be cured by proper instructions to the jury." Doc. #443 at 5. In his reply, Logan requests "that the Government provide the court with [statements it intends to use as evidence] as provided under rule 14(b) of the Federal Rules of Civil [sic] procedure so that they [sic] Court can consider them along with the Defendant's Motion to Sever." Doc. #458 at PageID 1572.

> When considering severance based on evidentiary concerns, the mere presence of a spillover effect does not ordinarily warrant severance. Rather, the risk of prejudice will vary with the facts in each case. In seeking to show prejudice based on the potential presentation or exclusion of evidence, conclusory allegations of prejudice are insufficient to justify severance. As a general rule, even where prejudice has been shown, severance is not the proper means of confining spillover evidence. The pernicious effect of accumulation is best avoided by precise instructions to the jury on the admissibility and proper uses of the evidence introduced by the government.

*United States v. Shivers*, No. 4:15-cr-73-9, 2016 WL 7218023, at *4 (N.D. Miss. Nov. 30, 2016) (cleaned up) (citing various authorities).

The Court agrees that Logan's failure to address the availability of jury instructions to correct any potential prejudice is fatal to his spill-over argument. *See United States v. Reed*, 908 F.3d 102, 115–17 (5th Cir. 2018) (no abuse of discretion when the district court denied severance but instructed the jury "to consider each defendant's case separately and to give separate consideration to the evidence as to each defendant"). Since a defendant "is not entitled to severance just because it would increase his chance of acquittal or because evidence [may be] introduced that is admissible against certain defendants," Logan is not entitled to severance simply due to potential spill-over. *Id.* at 114.

Logan's other arguments are also unavailing. Since "[s]everance is an exception, justified only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence," "[g]eneric allegations of prejudice will not suffice." *See Daniel*, 933 F.3d at 380 (cleaned up). Thus, Logan's arguments that evidence related to money laundering and conspiracy to distribute marijuana "is always inflammatory to juries" are insufficient to justify severance, especially in the absence of any legal authority to support such a conclusion. And while Logan vaguely alleges he will be prejudiced by statements by his codefendants, there is no proof at this stage in the proceedings that the government will seek to introduce such statements or that, if it does, the

relevant codefendant would not testify. *See United States v. Starling*, No. 3:13-cr-68, 2013 WL 2657404, at *3 (N.D. Tex. June 13, 2013) (severance was not warranted based on possible "admission in evidence of co-defendant statements" because such is only improper under the Confrontation Clause "if a nontestifying codefendant's statement implicating [the defendant was] admitted into evidence at trial").[5] Thus, Logan has failed to show that severance is warranted.

### III
### Conclusion

Logan's motions to sever [414][415] are **DENIED**.

**SO ORDERED**, this 30th day of September, 2022.

/s/Debra M. Brown
**UNITED STATES DISTRICT JUDGE**

---

[5] As in *Starling*, the Court notes that should such a statement be admitted "and the [statement] cannot be redacted [in accordance with *Bruton v. United States*, 391 U.S. 123 (1968)], [Logan] may move for a severance on the basis of *Bruton*." *Starling*, 2013 WL 2657404, at *3 (collecting cases).